UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sheng-Wen Cheng, | Case No. 23-cv-2027 (NEB/DJF) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION AND ORDER |
| Jared Rardin, | |
| Respondent. | |

This matter is before the Court on Petitioner Sheng-Wen Cheng's Petition for a Writ of Habeas Corpus ("Petition") (ECF No. 1) and Motion to Redact Certain Information ("Motion to Redact") (ECF No. 2). In his Petition, Mr. Cheng challenges a Bureau of Prisons ("BOP") Discipline Hearing Officer's ("DHO") decision to revoke 41 days of good time credits stemming from a January 5, 2023 incident (*see generally* ECF No. 1–1-2). He seeks to expunge the incident report from his records and to have the 41 days of good time credits restored (ECF No. 1 at 8). The Government represents that on November 16, 2023, it expunged this disciplinary order from Mr. Cheng's records and restored his 41 days of good time credits (*see* ECF No. 39) (citing ECF No. 38-1). Since Mr. Cheng has now received all the relief he requested in his Petition, the Court recommends denying Mr. Cheng's Petition as moot.

In his Motion to Redact, Mr. Cheng seeks to redact all pleadings and filings in this action for his own safety and that of his family (ECF No. 2). The Court construed the Motion to Redact as a motion to seal his Petition (ECF No. 1) and the attached exhibit (ECF No. 1-2) pursuant to Local Rule 5.6, which the Court temporarily granted, instructing Respondent to state his position on whether those filings should remain under seal (ECF No. 12). Respondent argues that the

1

documents should be unsealed, because, in his view, neither the Petition nor the exhibits contain confidential information requiring sealing (ECF No. 39). But in this case, because the Court recommends denying the Petition as moot, the presumption of public access to these documents is weak, as they have played no role in the exercise of Article III power and are of little value to those monitoring the federal courts. *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013). Mr. Cheng has offered a countervailing reason to keep these documents under seal, and the Court finds Mr. Cheng's potential security interests outweigh the minimal presumption of public access applicable in this particular case. The Court further finds redaction in this case is not practicable, given that the statements at issue are scattered throughout the documents and in light of Mr. Cheng's pro se prisoner status, and orders that the Petition and associated exhibit be sealed and remain under seal. Finally, the Court construes Mr. Cheng's Motion to Redact (ECF No. 2) as requesting that the motion itself be sealed and orders that document to be sealed as well.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the Clerk of the Court shall seal and keep under permanent seal ECF Nos. [1], [1-2] and [2].

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Mr. Cheng's Petition for a Writ of Habeas Corpus (ECF No. [1]) be **DENIED AS MOOT**.

Dated: November 20, 2023         *s/ Dulce J. Foster*
                                 Dulce J. Foster
                                 United States Magistrate Judge

3

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).